IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMERY M. SAMMONS | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 14-2419 |
| PHILADELPHIA GAS WORKS | : | |

**MEMORANDUM**

**SURRICK, J.**                                                **MARCH  20 , 2015**

Presently before the Court is Plaintiff's Motion Pursuant To Rule 15(a) For Leave To File

Amended Complaint (ECF No. 16), and PGW's Response in opposition thereto.  (ECF No. 17.)

For the following reasons, Plaintiff's Motion will be granted.

**I.       BACKGROUND**

Plaintiff Emery Sammons alleges that he had worked at Defendant Philadelphia Gas

Works (PGW) for approximately 30 years when his employment was terminated in November

2013.  (Compl. ¶¶ 6-27, ECF No. 1)  Discussion between the parties ensued, and it was

ultimately agreed that Plaintiff would be rehired solely for the purpose of retiring with full

benefits on December 31, 2013.  (PGW Answer ¶ 27, ECF No. 4; Pl.'s Br. 1, ECF No. 16; Pl.'s

Reply Ex. B, ECF No. 23.)  In processing the paperwork pursuant to the agreement, PGW

discovered that Plaintiff's former wife was a beneficiary on his medical plan until 2006, even

though their divorce in 2003 disqualified her from receiving those benefits.  (PGW Answer 4,

10-11.)  PGW then refused to execute the agreement to rehire and retire Plaintiff.  (PGW Answer

4.)

In April 2014, Plaintiff filed this Complaint against PGW, asserting unlawful conduct

under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.  (Compl. 6-8.)  PGW

filed an answer in June 2014, with a counterclaim alleging fraud by Plaintiff for keeping his ex-

wife on his benefits plan from 2003-2006.  (PGW Answer 9-12.)  On February 4, 2015, Plaintiff

filed the instant Motion requesting permission to add a claim against PGW for breaching its

contract with him by refusing to rehire and retire him.  (Pl.'s Br. 10, Exh. A ¶¶ 90-92.)[1]  PGW

opposes the Motion.[2] (PGW Resp., ECF No. 17.)

## II.    DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that once responsive pleadings have

been served, a party may amend its pleading only with the opposing party's consent or with

leave of court.  PGW has made clear that it does not consent.  Therefore, Plaintiff must secure

leave from this Court to amend his pleading.  Whether to grant such leave rests within the sound

discretion of the district court.  *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir.

1990).  However, in the absence of futility, undue delay, bad faith, or undue prejudice to the

opposing party, leave to amend should be "freely given."  *Foman v. Davis*, 371 U.S. 178, 182

(1962).

A claim is futile if it would not survive a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6).  *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("In assessing

'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule

12(b)(6).").  PGW argues that Plaintiff's breach of contract claim is futile because PGW never

signed the settlement agreement under which Plaintiff was to be rehired and retired.  (PGW

Resp. 6-7.)  A party's refusal to execute a written document does not, however, preclude

---

[1] In Plaintiff's initial Motion for Leave to Amend the Complaint, he requested permission to add several other claims, including claims pursuant to the Employee Retirement Income Security Act and the Pennsylvania Wage Payment and Collection Law.  (Pl.'s Mot. 2, ECF No. 16-1.)  Plaintiff has withdrawn the request to file these claims.  (Pl.'s Reply 2.)

[2] PGW filed a motion for summary judgment two weeks after Plaintiff filed this Motion for Leave to Amend the Complaint.  Since the Court is granting Plaintiff's Motion for leave to amend, that motion for summary judgment is moot.

enforcement of a settlement agreement.  *See Kozierachi v. Perez*, No. 10-7570, 2014 WL 1378268, at *1, 3-4 (E.D. Pa. Apr. 8, 2014) (settlement agreement enforced despite one party's failure to execute it); *Bright v. First Senior Fin. Grp.*, No. 12-360, 2013 WL 3196392, at *7 (E.D. Pa. June 24, 2013) (same); *Kelly v. Boeing*, No. 09-2152, 2011 WL 2066620, at *2 (E.D. Pa. May 26, 2011), *aff'd*, 513 F. App'x 131 (3d Cir. 2013) (same).

Even in the absence of a written document, a settlement agreement becomes binding when the parties have mutually agreed to its terms and conditions.  *See Pennsbury Vill. Assocs., LLC v. McIntyre*, 11 A.3d 906, 914 (Pa. 2011); *Kelly*, 2011 WL 2066620, at *2.  Once binding, a party's change of heart is insufficient to void that agreement.  *See Thomas v. Univ. of Pa.*, No. 06-1916, 2007 WL 2891739, at *2 (E.D. Pa. Oct. 2, 2007) ("A settlement agreement is still binding even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing.") (internal quotation marks and citation omitted); *Bershak v. Phila. Gas Works*, No. 1873, 2001 WL 193702, at *1 (E.D. Pa. Feb. 26, 2001); *see also Transp. Int'l Pool, Inc. v. Alt. Transp., Inc.*, No. 07-2895, 2008 WL 2550598, at *5 (E.D. Pa. June 25, 2008).  The agreement may then be set aside only with "a clear showing of fraud, duress, or mutual mistake."  *Pennsbury*, 11 A.3d at 914; *Kozierachi*, 2014 WL 1378268, at *3.  While PGW does argue that Plaintiff defrauded the company, whether that fraud occurred is a question of fact that cannot be resolved at this stage.  *Flora v. Cnty. of Luzerne*, 776 F.3d 169, 175-76 (3d Cir. 2015).

In support of its argument that no contract is enforceable against PGW absent a "designated signature," PGW cites 53 Pa. Con. Stat. Ann. § 12671, a statute requiring public works contracts with private contractors to be signed by an authorized city representative, and *Smart v. Phila.*, 54 A. 1025 (Pa. 1903), an antiquated decision applying § 12671 to a city

repaving contract.  (PGW Resp. 6-7.)  PGW's argument is unpersuasive.  *See Miles v. Phila.*, No. 98-5837, 1999 WL 274979, at *3 (E.D. Pa. May 5, 1999) (rejecting defendants' argument that employment discrimination plaintiff who lacked a signed, written contract with the City had no contract at all under § 12671, since "there is no reported decision applying . . . § 12671 in any context other than public works projects by outside contractors"); *see also* George Blum, *Public Contracts, Generally*, 22A Summ. Pa. Jur. 2d Municipal and Local Law § 15:1 (describing § 12671 as a statute "governing the manner in which municipalities contract for services and supplies").

Accepting the facts stated by Plaintiff as true — as we must in a futility analysis, *see Shane*, 213 F.3d at 115  — Plaintiff's breach of contract claim is not futile.  *See Surety Adm'rs, Inc. v. Samara*, No. 04-5177, 2006 WL 891430, at *9 (E.D. Pa. Apr. 6, 2006).  Nor do we perceive in Plaintiff's Motion bad faith, undue delay, or undue prejudice sufficient to reject his request.[3]  Accordingly, the Motion will be granted.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion seeking leave to amend the Complaint will be granted.  An appropriate Order follows.

**BY THE COURT:**

_____

**R. BARCLAY SURRICK, J.**

---

[3] Although it is not clear why Plaintiff failed to include the breach of contract claim in his original complaint, these particular circumstances do not demonstrate bad faith or undue delay of Rule 15 proportions.  *See Adams v. Gould, Inc.*, 739 F.2d 858, 868-69 (3d Cir. 1984); *Achey v. Crete Carrier Corp*., No. 07-3592, 2009 WL 101843, at *2-4 (E.D. Pa. Jan. 14, 2009); *cf. Webb v. Merck & Co.*, No. 99-413, 2007 WL 2692243, at *3-4 (E.D. Pa. Sept. 11, 2007) (third motion to amend complaint denied, where plaintiff offered no reasonable explanation why allegations that were nearly a decade old could not have been asserted earlier).